■ HYMAN B. FREEMAN et al., Respondents, v. FRANK T. LAMB et al., Appellants, et al., Defendants. MICHAEL W. ROCHE, Respondent, v. FRANK T. LAMB et al., Appellants.— Applications granted and statutory stays vacated. Appellants' motion for early hearing of appeals denied with leave to renew.

Memorandum: Frank T. Lamb and others have appealed from a judgment prohibiting the City Council of Rochester as constituted in 1969 from conducting a hearing as to the qualifications of Michael W. Roche to serve as Councilman after January 1, 1970, and directing the City Clerk to accept for filing the constitutional oath of office of Mr. Roche when offered for filing, and from an order denying their motion to dismiss the complaint in an action by Mr. Roche and others for a declaration that an amendment of section 5-5 of the Charter of the City of Rochester be declared invalid, and restraining said Frank T. Lamb and others from preventing Mr. Roche from taking his seat on the Council after January 1, 1970 and voting as a councilman. The appeals are not before us for decision on the merits as appellants have neither filed nor served records on appeal, briefs or any other documents with the clerk of this court. Such appeals, however, automatically stayed, without court order, the operation of said judgment and order (CPLR 5519, subd. [a] par. 1). Mr. Roche and others have now moved under CPLR 5519 (subd. [c]) that such automatic stays be vacated. Upon the argument counsel agreed that the oath of office of Mr. Roche was submitted to the City Clerk on January 2 and stamped for filing, but they do not agree that such acts constitute compliance by the City Clerk with the judgment, that is, counsel for Mr. Lamb and others contends that the City Clerk has not officially accepted that oath for filing, because of the previous resolution of the council forbidding him to accept it except upon majority vote of the council. We hold that the acts of the City Clerk established prima facie compliance with the judgment, and that the oath of office of Mr. Roche is, therefore, lawfully on file. In opposition to the motion before us to vacate the statutory stay, counsel for Messrs. Lamb and others makes affidavit that a prompt hearing should be held by the council upon the qualifications of Mr. Roche, because the status of the city government is in a state of turmoil and collapse. To this end he filed with this court at the opening thereof at 10:00 A.M. on January 5, 1970 a notice of motion that the appeals be heard by us on short notice. No return date for such motion was specified therein as required by law, but more than that, no showing is made that copy of such notice has been served upon respondents, and obviously answering affidavits in connection therewith have not been filed by respondents. We agree that if Messrs. Lamb and others wish an early hearing of their appeals, the same should be afforded them, by renewal of their defective motions for such early hearing of the appeals by proper notice fixing a date therein for the return thereof, with proof of service on respondents. Pending such hearing and determination it is clear that the public interest and welfare require that the affairs of the city be permitted to be conducted in a normal and orderly manner. Accordingly, the applications made by orders to show cause of January 2, 1970 to vacate the statutory stays should be granted. The relief demanded (prompt hearing of the appeals) by notice of motion with no specified return date therein and no proof of service thereof on their opponents, should be denied with leave to renew. As stated, the relief herein granted is intermediate and preliminary in nature as the correctness of the judgment and order appealed from are not presently before us for review. (Order entered Jan. 5, 1970.)